LOUIS PEREZ et al., Respondents, v DIME SAVINGS BANK OF NEW YORK, F.S.B., Appellant, et al., Defendants. (Action No. 1.) DIME SAVINGS BANK OF NEW YORK, F.S.B., Appellant, v LOUIS PEREZ et al., Respondents, et al., Defendants. (Action No. 2.) [643 NYS2d 667]

In 1986 the respondents, Louis and Loredana Perez, obtained a mortgage loan from the appellant, The Dime Savings Bank of New York, F.S.B. (hereinafter Dime Savings), in order to purchase premises located in Port Chester, New York. Subsequent to purchasing the premises, the respondents rented it to various tenants. In 1991 a fire severely damaged the premises, rendering it unrentable. Due to the wrongful conduct of Dime Savings and the defendant LFC Nationwide, Inc., the necessary repairs were never completed, the premises remained unrentable, and the respondents were unable to maintain their mortgage payments.

The court awarded damages to the respondents in the amount of $88,450 for the cost of repairs, and in the amount of $21,463.65 for lost rental income, and deducted therefrom the sum of $10,999 received by the respondents in a settlement with Allstate Insurance Company. In addition, the court directed Dime Savings to credit the respondents with all mortgage-related payments from February 10, 1991, until six months after full payment of the judgment.

Dime Savings contends, *inter alia,* that the court erred in finding that six months was a reasonable time within which the respondents could make repairs to the premises and in directing Dime Savings to credit the respondents with mortgage-related payments for six months following full payment of the judgment. The evidence only supports a credit from February 10, 1991, until three months after payment of the judgment, and we therefore modify the judgment accordingly.

The remaining contentions of Dime Savings are without merit (*see, Nicastro v Park,* 113 AD2d 129). Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.